UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JEANETTE FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13-CV-142 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This social security appeal is before the court for consideration of the "Commissioner's Objections to Magistrate Judge's Report and Recommendation" [doc. 22]. In the report and recommendation, United States Magistrate Judge C. Clifford Shirley found that plaintiff's physical residual functional capacity ("RFC") was not supported by substantial evidence and that the administrative law judge ("ALJ") did not properly apply the treating physician rule to the opinions of Dr. Masterson. He recommended that "Plaintiff's Motion for Judgment on the Administrative Record" [doc. 14] be granted in part and denied in part, that the Commissioner's "Motion for Summary Judgment" [doc. 19] be granted in part and denied in part, and that the case be remanded for further proceedings.

Plaintiff made application for disability insurance benefits and supplemental security income on December 7, 2007. Her claims were denied initially and on reconsideration. Plaintiff requested a hearing that was held on October 4, 2009, before an

ALJ who issued an unfavorable decision on January 14, 2010. The Appeals Council granted plaintiff's request for review, and the ALJ held a second hearing on November 7, 2011. The ALJ again issued an unfavorable decision on December 29, 2011, finding the plaintiff not disabled. The Appeals Council denied plaintiff's request for review, which rendered the ALJ's decision the final decision of the Commissioner. This appeal followed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers*, *Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'"). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (citing *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d at 108).

2

This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). "[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Id.* (citation omitted). Further, "[t]he Secretary is charged with finding the facts relevant to an application for disability benefits, and the Secretary's findings, if supported by substantial evidence, are conclusive." *Id.* (citing 42 U.S.C. § 405(g)).

As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the Commissioner objects. For the reasons stated herein, the objections will be sustained.

**Plaintiff's RFC**

The Commissioner objects to the magistrate judge's conclusion regarding the ALJ's determination of plaintiff's RFC. The ALJ found that plaintiff has an RFC to perform light work. The Commissioner argues that the magistrate judge performed a *de novo* review of the record instead of a substantial evidence review. Importantly, the Commissioner argues that plaintiff has waived this argument because she did not identify specific evidence that she contends the ALJ failed to consider when evaluating her RFC. The Commissioner also made this waiver argument in her memorandum in support of

3

summary judgment. The magistrate judge, however, did not address this argument. The court finds that the Commissioner is correct regarding plaintiff's waiver of this argument.

In her brief in support of the motion for judgment on the administrative record, plaintiff did not identify any specific evidence in the record that the ALJ failed to consider, nor did she make any specific argument concerning evidence in the record. Other than citing authority for the required level of consideration of the evidence employed by the ALJ, the plaintiff merely offered two generalized conclusory sentences without any specific reference to the record or meaningful analysis: "In this case the Judge failed to consider all probative evidence. He merely gives consideration to the evidence that supported his conclusion of not disabled and he mistakenly overlooked the evidence that fully established that the claimant was disabled on her onset date." [Doc. 14-1]. This is plaintiff's entire argument, and it is insufficient.[1]

"[I[ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted). Where a claimant has not provided argument or identified specific parts of the of the ALJ's decision allegedly unsupported in record, the Sixth Circuit has:

> . . . decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the

---

[1] The record in this case is two volumes totaling over 1300 pages. However, the plaintiff did not reference any evidence in the record in support of her position concerning the RFC finding.

4

Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her brief on appeal].

*Hollon ex rel. Hollan v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

The Court in *Hollon* also declined to consider the claimant's generalized arguments concerning the physician opinions in the record:

[Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id*. "Because [plaintiff] does not specify which [evidence] the ALJ allegedly failed to consider, the Court is not required to undertake an open-ended review of the entirety of the administrative record." *Montgomery v. Colvin*, No. 5:12-245-DCR, 2013 WL 5232902, at *4 (E.D. Ky. Sept. 16, 2013). The substantial evidence review standard "assumes that a claimant has made an argument and identified specific aspects of the ALJ's decision that allegedly lack support in the record." *Id*. at *3. Plaintiff does not specify in what way the ALJ's RFC determination is inconsistent with the medical evidence. Plaintiff's un-briefed issue is waived.

In any event, the court has performed a review of the record and the ALJ's finding regarding the plaintiff's RFC. The ALJ has responsibility at the hearing level to determine plaintiff's RFC, 20 C.F.R. §§ 404.1546(c), 416.946(c), and plaintiff has the ultimate burden to prove she is disabled, 42 U.S.C. § 423(d)(5)(A); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). While the magistrate judge may have reached a different

5

conclusion than the ALJ, as the record contains evidence to support his conclusion, there is nonetheless sufficient evidence to support the ALJ's RFC finding. The ALJ reviewed the medical records and opinions and also considered plaintiff's activities, including the fact that she has resided alone in an apartment for five years. The determination of the plaintiff's RFC is "based on all the relevant evidence in [plaintiff's] case record," not just on doctors' opinions alone. The Commissioner's objection will be sustained.

## Dr. Masterson's Opinion

The Commissioner's second objection concerns the magistrate judge's finding regarding the opinion of Dr. Masterson, a treating physician. The magistrate judge found that the ALJ had failed to properly evaluate Dr. Masterson's opinion, and the Commissioner objects to this conclusion.

The opinions of treating physicians are entitled to great weight when supported by sufficient clinical findings consistent with the evidence. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1527 (Controlling weight is given to a treating physician's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."). A treating physician's opinion can be rejected if it is not supported by sufficient medical data and if the ALJ articulates a valid basis for doing so. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *Harris v. Heckler*, 756 F2d 431, 435 (6th Cir. 1985); 20 C.F.R. § 404.1527; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Hall v. Bowen*, 837 F.2d 272,

6

276 (6th Cir. 1988) (When good reasons are identified for not accepting the determinations of a treating physician, the ALJ may reject them). The ALJ's reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources' medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). If the ALJ determines that a treating physician's opinion should not receive controlling weight, the opinion must be weighed against several factors. 20 C.F.R. § 416.927(c)(2-6).

Dr. Masterson first treated the plaintiff in May 2004 and last saw her in May 2005. He completed a *Treating Relationship Inquiry* on November 6, 2008. The ALJ noted that Dr. Masterson did not have current medical evidence supporting his opinion. In his decision, the ALJ cited the proper standard regarding treating physician opinions and then articulated his reasons for discounting Dr. Masterson's opinion. The ALJ found that Dr. Masterson's opinion was "entirely anachronous" because he last treated the plaintiff in 2005. Also, the ALJ noted that as he discussed throughout his opinion the plaintiff had received surgical and non-surgical interventions since her last treatment by Dr. Masterson that have been successful in controlling her symptoms. *Cf. Works v. Astrue*, No. 3:09-50-DCR, 2010 WL 4510915, at *4 (E.D. Ky. Nov. 1, 2010) (ALJ adequately explained reasons for discounting treating physician's disability assessment observing the assessment was inconsistent with objective medical evidence in the record "as delineated above" – "ALJ incorporated his entire previous discussion of the medical evidence, which contained ample support for a finding of no disability").

The Commissioner also objects to the magistrate judge's criticism that the ALJ did not balance the factors in 20 C.F.R. § 404.1527(c)(2). However, the ALJ stated in his decision that he had "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 . . . ." *Cf. id*. ("[T]he fact that the ALJ did not recite the factors set forth in § 416.927(d) does not mean that he failed to consider them. ALJ Reynolds stated in his decision that he had 'considered opinion evidence in accordance with the requirements of 20 CFR 416.927.'"). The ALJ herein considered the treating relationship of plaintiff and Dr. Masterson when he noted that he had not treated plaintiff since 2005, so he acknowledged the length of time since actually seeing and treating the plaintiff. The ALJ also considered whether Dr. Masterson's opinion was consistent with the record and referenced the treatment plaintiff received subsequent to her last visit with Dr. Masterson that successfully improved her symptoms. While the magistrate judge also criticizes the ALJ for not putting an exact weight to Dr. Masterson's opinion, it is readily apparent that based upon his discussion and reasons that he gave little to no weight to the opinion. The Commissioner's second objection will be sustained.

Accordingly, the Commissioner's objections to the magistrate judge's report and recommendation will be sustained. An order consistent with this opinion will be issued.

ENTER:

s/ Leon Jordan
United States District Judge